■ In the Matter of KRITZIA B., Respondent, v ONASIS P., Appellant. [978 NYS2d 846]—

Petitioner established by a fair preponderance of the evidence that respondent committed acts warranting an order of protection in her favor (*see* Family Ct Act § 832). She established that respondent engaged in a course of conduct alleged in the petition, involving calling, texting and following petitioner over a period of time and appearing outside her house in the early morning hours, that constituted harassment in the second degree (Penal Law § 240.26 [3]). The sheer number of calls respondent made provides a reasonable basis on which to infer that he intended to annoy or alarm petitioner (*see People v Tiffany*, 186 Misc 2d 917, 919 [Crim Ct, NY County 2001]) and that the calls did not serve a legitimate purpose other than to hound her (*see People v Stuart*, 100 NY2d 412, 428 [2003]).

However, the record does not support the alternate finding of first-degree harassment, since there is no evidence that respondent engaged in a course of conduct or repeatedly committed acts that placed petitioner "in reasonable fear of physical injury" (Penal Law § 240.25; *see People v Demisse*, 24 AD3d 118 [1st Dept 2005], *lv denied* 6 NY3d 833 [2006]). Indeed, the court

530

did not find that respondent's acts placed petitioner in fear of physical injury.

In the absence of a clear abuse of discretion, we defer to the trial court's determination of the permissible scope of cross examination of petitioner (*see People v Aska*, 91 NY2d 979 [1998]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.