■ In the Matter of LYNN TT., Respondent, v JOSEPH O., Appellant. [10 NYS3d 702]—

Peters, P.J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered February 6, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and respondent are the unmarried parents of a daughter (born in 2009). In August 2013, petitioner commenced this proceeding against respondent alleging various family offenses and seeking an order of protection barring him from having any contact with her except during exchanges of the child. Following a fact-finding hearing at which both petitioner and respondent testified, Family Court found that respondent had committed the family offenses of harassment in the second degree and aggravated harassment in the second degree, and issued a two-year order of protection in petitioner's favor. Respondent appeals, and we affirm.

"[W]hether a family offense has been committed is a factual issue to be resolved by . . . Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (*Matter of Shana SS. v Jeremy TT.*, 111 AD3d 1090, 1091 [2013], *lv denied* 22 NY3d 862 [2014] [internal

quotation marks, brackets and citation omitted]; *accord Matter of Christina KK. v Kathleen LL.*, 119 AD3d 1000, 1001 [2014]). Here, although Family Court found that respondent committed the family offenses of harassment in the second degree and aggravated harassment in the second degree, it did not specify those subsections of the relevant criminal statutes upon which its findings were based. Nevertheless, exercising our independent review power, we find the proof to be sufficient to establish, by a preponderance of the evidence (*see* Family Ct Act § 832), that respondent committed aggravated harassment in the second degree under Penal Law § 240.30 (former [2]),[1] as well as harassment in the second degree under Penal Law § 240.26 (3).[2]

Pursuant to Penal Law § 240.30 (former [2]), a person commits aggravated harassment in the second degree when, "with intent to harass, annoy, threaten or alarm another person, he or she . . . [m]akes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication." As is relevant here, a person commits harassment in the second degree when, "with intent to harass, annoy or alarm another person, . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). The requisite intent for both such offenses may be inferred from the conduct itself or the surrounding circumstances (*see Matter of Christina KK. v Kathleen LL.*, 119 AD3d at 1002; *Matter of Robert AA. v Colleen BB.*, 101 AD3d 1396, 1399 [2012], *lv denied* 20 NY3d 860 [2013]; *Matter of Patricia H. v Richard H.*, 78 AD3d 1435, 1436 [2010]).

At the hearing, petitioner testified that respondent continually badgered her through repeated telephone calls and text messages about resuming their relationship, despite her numerous requests that he stop doing so. She also explained that respondent would attempt to discuss resuming their rela-

---

**1.** This provision was amended in July 2014, following the issuance of the underlying order (L 2014, ch 188, § 1).

**2.** As respondent notes, the Court of Appeals has recently declared Penal Law § 240.30 (1), as it existed at the time of the decision on the petition, to be unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 467-468 [2014], *cert denied* 574 US —, 135 S Ct 1009 [2015]). While respondent now challenges, for the first time on appeal, the constitutionality of Penal Law §§ 240.30 (former [2]) and 240.26, his contentions in that regard are unpreserved for our review (*see Matter of Gracie C. v Nelson C.*, 118 AD3d 417, 417 [2014]; *Matter of Larry B.*, 39 AD3d 399, 399 [2007], *lv denied* 9 NY3d 809 [2007]; *cf. People v Edrees*, 123 AD3d 842, 843 [2014], *lv denied* 25 NY3d 989 [2015]).

tionship nearly every time she saw him. Petitioner further testified that respondent threatened to remove the child from her home on more than one occasion, and had made baseless complaints to her employer which caused her to fear that she would lose her job. While respondent claimed that he had legitimate purposes for his communications with petitioner, Family Court was unconvinced by his testimony and rejected his various explanations. According deference to those credibility determinations (*see Matter of Christina KK. v Kathleen LL.*, 119 AD3d at 1002; *Matter of John O. v Michele O.*, 103 AD3d 939, 940 [2013]), we find that the family offenses of aggravated harassment in the second degree and harassment in the second degree were proven by a preponderance of the evidence (*see* Penal Law §§ 240.30 [former (2)]; 240.26 [3]; *Matter of Kritzia B. v Onasis P.*, 113 AD3d 529, 529 [2014]; *Matter of Amber JJ. v Michael KK.*, 82 AD3d 1558, 1560 [2011]; *Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1166 [2009], *lv denied* 14 NY3d 702 [2010]; *compare Matter of Wendy Q. v Jason Q.*, 94 AD3d 1371, 1372-1373 [2012]; *Ahr v McElligott*, 307 AD2d 484, 485 [2003]).

Garry, Rose and Devine, JJ., concur. Ordered that the order is affirmed, without costs.