### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   October 22, 2015                    519314
_____

In the Matter of ELIZABETH X.,
                    Respondent,

       v                                        MEMORANDUM AND ORDER

IRVING Y.,
                    Appellant.
_____

Calendar Date:   September 9, 2015

Before:   Peters, P.J., Lahtinen, Garry and Rose, JJ.

                        _____


       Gordon W. Eddy, Albany, for appellant.

       Michelle I. Rosien, Philmont, for respondent.

       Robert E. Molloy, Latham, attorney for the children.

                        _____


Lahtinen, J.

       Appeal from an order of the Family Court of Rensselaer
County (Cholakis, J.), entered June 5, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 8, for an order of protection.

       Petitioner and respondent are the unmarried parents of
twins (born in 2005).  Petitioner commenced this Family Ct Act
article 8 proceeding alleging that respondent had committed
family offenses including, among others, harassment.  Following a
June 2014 hearing, Family Court found that respondent had
committed a family offense and issued a one-year order of
protection in favor of petitioner and also the two children.
Respondent appeals.

The expiration of the order of protection does not render this appeal moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668 [2015]). "[P]etitioner bore the burden of establishing by a preponderance of the evidence that respondent committed the [alleged] family offense" (Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014] [internal citations omitted]; see Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1559 [2011]). "Ultimately, whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight" (Matter of Shana SS. v Jeremy TT., 111 AD3d at 1091 [internal quotation marks, brackets, ellipsis and citation omitted]; accord Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1129 [2015]). Where, as here, Family Court neglects to specify the family offense under Family Ct Act § 821 (1) (a) that was committed by respondent, we can independently review the record to determine whether the evidence supports a finding that respondent committed a family offense (see Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1001-1002 [2014]; Matter of Stewart v Lassiter, 103 AD3d 734, 734 [2013]).

Petitioner testified that respondent had access to a shotgun and that on more than one occasion he threatened to "blow [her] head off" if the children were taken away from him. She stated that respondent's behavior caused her to fear for her safety. She also recalled that in one instance he entered her bedroom upset and wielding a butcher knife. Respondent contested petitioner's proof. However, accepting the testimony credited by Family Court, there was sufficient evidence to support a finding that respondent committed the family offense of harassment in the second degree as to petitioner (see e.g. Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1166 [2015]; Matter of John O. v Michele O., 103 AD3d 939, 940-941 [2013]; Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1399 [2012], lv denied 20 NY3d 860 [2013]).

We agree with respondent, however, that there was insufficient proof to support a broad stay away provision as to the children. Initially, we note that, at an April 29, 2014

conference before the hearing, petitioner acknowledged that the children should not be precluded from all contact with respondent.  Importantly, at the ensuing hearing, "[t]here was no testimony adduced, nor did Family Court expressly find, that the stay away provisions 'were reasonably necessary to protect' the children" (Matter of Jodi S. v Jason T., 85 AD3d 1239, 1242 [2011], quoting Matter of Gil v Gil, 55 AD3d 1024, 1025-1026 [2008]).

Finally, we are unpersuaded by respondent's contention that he did not receive the effective assistance of counsel. Considering such issue within the context of the entire proceeding, our review of the record reveals that respondent received meaningful representation (see Matter of Jolynn W. v Vincent X., 85 AD3d 1217, 1219 [2011], lv denied 17 NY3d 713 [2011]; Matter of Ariane I. v David I., 82 AD3d 1547, 1549 [2011], lv denied 17 NY3d 703 [2011]).

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by vacating those provisions pertaining to the parties' children, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court