■ In the Matter of JUSTIN A. and Another, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEREK C., Appellant. (Proceeding No. 1.) In the Matter of JUSTIN A. and Another, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIELLE B., Appellant. (Proceeding No. 2.) [21 NYS3d 402]—

Lynch, J. Appeal from an order of the Family Court of

Madison County (DiStefano, J.), entered November 27, 2013, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Petitioner commenced this Family Ct Act article 10 proceeding in June 2012 alleging that respondents neglected the subject children, Justin (born in 2000) and Jacob (born in 2006). Respondent Danielle B. (hereinafter the mother) is the mother of both children; respondent Derek C. (hereinafter the father) resided with the mother and is the father of Jacob. Petitioner alleged that the father physically assaulted the mother in the presence of the children and used excessive corporal punishment against Justin, while the mother failed to intervene to protect him. The children were removed and placed in petitioner's care. After a fact-finding hearing, Family Court found the children to be neglected and, following the dispositional hearing, ordered the children to remain in petitioner's care. The court further directed the mother to refrain from any contact with the father for a one-year period, during which the court issued orders of protection against the father in favor of the mother and Jacob. The court also issued an order of protection against the father in favor of Justin through 2018. Respondents appeal from the order of disposition.

Respondents each maintain that the finding of neglect was not supported by a preponderance of the evidence. We disagree. Pertinent here, a neglected child is defined as "a child less than eighteen years of age . . . whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Afton C. [James C.]*, 17 NY3d 1, 8-9 [2011]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Josephine BB. [Rosetta BB.]*, 114 AD3d 1096, 1097 [2014]).

At the fact-finding hearing, petitioner presented the testimony of a child protective caseworker who, in response to a report of abuse, interviewed the mother on two occasions. According to the caseworker, the mother stated that the father physically abused the mother and called her derogatory names in front of the children. The mother also told the caseworker that the father hit Justin, called both children derogatory

names and that both children were afraid of him. The mother informed the caseworker that Jacob did not want to go to school for fear the father would kill her. The caseworker explained that the father showed up while she was at the family residence and proceeded to engage in an argument with the mother in the caseworker's presence. The father also acknowledged that he called the children derogatory names, but denied mistreating them, and refused services offered by the caseworker. The caseworker further testified that, in separate interviews with the children, each child confirmed the father's abusive behavior toward the mother and the children. This testimony was sufficient to demonstrate that the father had neglected the children through his abusive behavior and that the mother had neglected the children by failing to intervene on their behalf. While both the mother and the father denied any abusive treatment in their testimony, Family Court was free to reject this testimony, and we accord deference to Family Court's assessment of credibility. Moreover, a child's out-of-court statement is admissible in a neglect proceeding, provided it is sufficiently corroborated (see Family Ct Act § 1046 [a] [vi]). Here, the consistency between the mother's admissions to the caseworker and each child's separate confirmation of abusive treatment during their interviews with the caseworker provides sufficient corroboration (see Heather B. v Daniel B., 125 AD3d 1157, 1158 [2015]; Matter of Heaven H. [Linda H.], 121 AD3d 1199, 1200 n [2014]). In our view, there is a sound and substantial basis in the record for the court's finding of neglect against each respondent (see Matter of Afton C. [James C.], 17 NY3d at 9-10; Nicholson v Scoppetta, 3 NY3d at 381). Moreover, given that the mother was cognizant of the father's abusive conduct and yet continued to participate in a relationship with him, Family Court did not err in continuing the children's placement with petitioner (see Nicholson v Scoppetta, 3 NY3d at 377; see also Family Ct Act § 1027 [b]).

We find the father's remaining contentions unavailing, notwithstanding the fact that neither petitioner nor the attorney for the children addressed either contention in their respective briefs. Contrary to the father's claim that the attorney for the children had a conflict of interest, we do not find that the children's interests were materially adverse insofar as ensuring that respondents' neglect of the children was addressed. Moreover, even accepting the father's contention that the expiration of the order of protection issued in favor of the mother does not render that part of the appeal moot (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 670-672 [2015]; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]),

given the mother's unwillingness to protect herself, and by extension, the children from the father, we perceive no error in Family Court's issuance of the order of protection (*see* Family Ct Act § 656).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the order is affirmed, without costs.