*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 2, 2016                     520906
_____

In the Matter of ROMENA Q.,
                    Respondent,
            v                              MEMORANDUM AND ORDER

EDWIN Q.,
                    Appellant.
_____

Calendar Date: April 22, 2016

Before: Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____

        Ivy M. Schildkraut, Monticello, for appellant.

        Cliff Gordon, Monticello, for respondent.

        Jane Bloom, Monticello, attorney for the child.

_____

Garry, J.P.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered March 6, 2015, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 8,
for an order of protection.

        Petitioner and respondent were married and resided together
with respondent's daughter until the summer of 2014. At that
time, the parties separated and respondent moved out of the
marital home. In September 2014, petitioner commenced this
proceeding alleging that respondent had committed certain family

offenses during an incident at the home.[1]  Following a fact-finding hearing, Family Court found that respondent had committed the family offense of criminal mischief in the fourth degree and issued a two-year order of protection in favor of petitioner. Respondent appeals.

A petitioner in a family offense proceeding must establish that the offense has been committed by "a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]; Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 [2015]).  As is relevant here, the offense of criminal mischief in the fourth degree required proof that, "having no right to do so nor any reasonable ground to believe that he . . . [had] such right, [respondent] . . . [i]ntentionally damage[d] property of another person" (Penal Law § 145.00).

At the fact-finding hearing, Family Court heard the testimony of petitioner, respondent and the police officer who responded to the incident.  The testimony established that respondent had returned to the former marital residence, a rental property, to pick up his daughter and retrieve his belongings. Petitioner testified that, upon arriving and finding the front door locked, respondent began insulting petitioner and banging and pounding on the door, ultimately causing damage to the door frame, lock and screen door.  Petitioner called the police.  The officer who responded testified that, upon his arrival, he observed damage to the front door, including cracks and damage to the lock.  Respondent testified that he was not aware of causing damage to the door.  In his testimony, respondent described approaching the front door of the residence and observing petitioner inside with some of his belongings.  Upon attempting to open the door, he found that it was locked, and, nevertheless, he continued to "push on the door," demanding that petitioner give him his belongings.

---

[1]  Petitioner also commenced a custody proceeding that was the subject of a prior appeal (Matter of Romena Q. v Edwin Q., 133 AD3d 1148 [2015]).

Family Court sits in a superior position to observe and evaluate the testimony and, thus, "'its determinations regarding the credibility of witnesses are entitled to great weight on appeal'" (Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1001 [2014], quoting Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014]; see Matter of Mauzy v Mauzy, 40 AD3d 1147, 1148 [2007]).  Upon review of the record, we agree that the evidence was sufficient to establish that respondent committed the family offense of criminal mischief in the fourth degree by intentionally causing damage to the front door of the residence.  Although respondent denied intending to damage the door, "[i]ntent may be inferred from the act itself, from a [respondent's] conduct and statements, and from the surrounding circumstances" (People v Hodges, 66 AD3d 1228, 1230 [2009], lv denied 13 NY3d 939 [2010]; see Matter of Carlos M., 32 AD3d 686, 687 [2006]).  The court was free to reject respondent's explanation (see Matter of Shana SS. v Jeremy TT., 111 AD3d at 1092; Matter of Jenna T. v Mark U., 82 AD3d 1512, 1513 [2011]), and we find no error in the determination.

Egan Jr., Lynch, Clark and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court