*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                    520394
_____

In the Matter of DAWN DD.,
                    Respondent,

            v                                MEMORANDUM AND ORDER

JAMES EE.,
                    Appellant.
_____

Calendar Date:   April 26, 2016

Before:   Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

                        _____


        James A. Caruso, Troy, for appellant.

        Law Office of Geri Pomerantz, East Greenbush (Geraldine
Pomerantz of counsel), for respondent.

        Charles Thomas, Troy, attorney for the child.

                        _____


Egan Jr., J.

        Appeal from an order of the Family Court of Rensselaer
County (Cholakis, J.), entered September 22, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 8, for an order of protection.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unmarried parents of a daughter
(born in 2008).  By order entered August 27, 2010, Family Court
granted the father supervised visitation through Jewish Family

Services.[1]  The parties agree that the father never exercised his visitation rights through that agency, but otherwise differ as to his level of contact with the child.  According to the father, he visited the child each Sunday at the mother's residence from the time that the visitation order was issued in August 2010 until he was incarcerated in late October 2010; thereafter, the father was in and out of either state prison or the local jail during various periods of time until his release on April 25, 2014.  According to the mother, the father saw the child on three or four occasions after the issuance of the August 2010 supervised visitation order, including once when he appeared at her residence and attempted to take the child on a visit and twice when she and the child happened to run into him on the street.

On May 29, 2014, shortly after the father's latest release from jail, the mother filed a domestic incident report wherein she alleged that the father had, among other things, threatened to kill her if she did not allow him to see his daughter.  The following day, the mother commenced this family offense proceeding seeking, among other things, an order of protection. Following a hearing, Family Court granted the mother's application and, after making a finding of aggravating circumstances, issued a five-year no-contact order of protection in favor of the mother, the subject child and the mother's two other children from another relationship.  This appeal by the father ensued.

We affirm.  As the party seeking an order of protection, the mother bore the burden of establishing – by a fair preponderance of the evidence – that the father committed one of the enumerated family offenses set forth in Family Ct Act § 821 (a) (see Family Ct Act § 832; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]; Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1166 [2015], lv dismissed and denied 26 NY3d 998 [2015]).  "[W]hether a family offense has been committed is a

---

[1]  Although the parties – at various times – each sought custody of the child, it appears that those petitions were either withdrawn or dismissed and, hence, no custody order has been issued.

factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight" (Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 22 NY3d 862 [2014]; accord Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1001 [2014]). Where, as here, Family Court neglects to specify the particular family offense at issue, this Court may "independently review the record to determine whether the evidence supports a finding that . . . a family offense [was indeed committed]" (Matter of Elizabeth X. v Irving Y., 132 AD3d at 1101; see Matter of Christina KK. v Kathleen LL., 119 AD3d at 1001-1002).

Insofar as is relevant here, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1] [emphasis added]). "The requisite intent . . . may be inferred from the conduct itself or the surrounding circumstances" (Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 [2015] [citations omitted]; see Matter of Shephard v Ray, 137 AD3d 1715, 1716 [2016]; Matter of Messana v Messana, 115 AD3d 860, 861 [2014]). Here, the mother testified that, when she exited her place of employment on the afternoon of May 29, 2014, she saw the father standing across the street. Although the mother attempted to avoid the father, he followed her down the street and demanded to see his daughter. When the mother reminded the father of the 2010 supervised visitation order, the father, who "was right in [the mother's] face" at this point, replied, "You have no right telling me I cannot see my child. I don't know who the hell you think you are. I don't know who the hell the [c]ourts think they are. Nobody can tell me what I can do. I can see my child anytime I want, and take her anytime I want." When the mother reiterated that "he was supposed to have supervised visitation only," the father screamed at her, gritted his teeth and said, "I'll kill you." The mother — accompanied by her teenage son — walked away, but the father followed her for "a couple [of] blocks," during which time he "kept threatening" her, stating, among other things, "I'll get you." The mother

testified that she was a "nervous wreck" and "very scared" throughout this encounter and was sufficiently concerned for her safety that, on her way home, she "tried to stay [in an area] where there [were] people around."  This singular incident is, in our view, sufficient to support a finding that the father committed the family offense of harassment in the second degree under Penal Law § 240.26 (1) (see Matter of Vanita UU. v Mahender VV., 130 AD3d at 1166; compare Matter of Teanna P. v David M., 134 AD3d 654, 655 [2015]),[2] and the father's testimony to the contrary presented a credibility issue for Family Court to resolve (see Matter of Shana SS. v Jeremy TT., 111 AD3d at 1092).

The father's remaining arguments do not warrant extended discussion.  To the extent that the father contends that Family Court erred in permitting the mother to testify as to events that purportedly were beyond the scope of the petition — specifically, testimony that the father stalked her and repeatedly showed up at her place of employment after he was released from jail in April 2014 — this issue is unpreserved for our review (see Matter of Gracie C. v Nelson C., 118 AD3d 417, 417 [2014]; Matter of Loomis v Yu-Jen G., 81 AD3d 1083, 1085-1086 [2011]) and, in any event, is lacking in merit.  The father's related claim — that the mother should not have been permitted to testify as to his allegedly violent history with other women — is equally unavailing, as such testimony was not offered for the truth of the matter asserted but, rather, went to the mother's state of mind at the time of the May 2014 incident (see People v Burkett, 101 AD3d 1468, 1472 n 4 [2012], lv denied 20 NY3d 1096 [2013]).  Finally, upon due consideration of the record in its entirety, we cannot say that Family Court abused its discretion in imposing a five-year no-contact order of protection in favor of the mother and all of her children — including the subject child.  The father's remaining claims, including his assertion that Family Court impermissibly shifted the burden of proof at the hearing,

---

[2]  In light of this conclusion, we need not consider whether the father's conduct — as related by the mother at the hearing — also would constitute harassment in the second degree under Penal Law § 240.26 (2) or (3) or, alternatively, disorderly conduct under Penal Law § 240.20.

have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen, Devine and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court