■ In the Matter of DAVID ZZ., Appellant, v MICHAEL ZZ., Respondent. [56 NYS3d 660]—

Clark, J. Appeal from an order of the Family Court of Ulster County (Savona, J.), entered June 3, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

In April 2015, petitioner commenced this family offense proceeding against respondent—his son—for allegedly committing the offenses of harassment in the first degree and harassment in the second degree by striking him when he attempted

to attend the calling hours held for his deceased grandson in October 2013. Following a fact-finding hearing, Family Court dismissed the petition, with prejudice, on the basis that petitioner failed to establish by a preponderance of the evidence that respondent had committed a family offense. Petitioner now appeals.

To sustain a finding that a family offense has been committed, the petitioner bears the burden of establishing, by a preponderance of the evidence, that the respondent committed one of the enumerated family offenses set forth in Family Ct Act § 821 (1) (a) (see Family Ct Act § 832; Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226 [2016], lv denied 28 NY3d 903 [2016]; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]). "Ultimately, whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight" (Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 22 NY3d 862 [2014]; see Matter of James XX. v Tracey YY., 146 AD3d 1036, 1039 [2017]). As relevant here, harassment in the first degree requires that an individual "intentionally and repeatedly harass[ ] another person . . . by engaging in a course of conduct or by repeatedly committing acts which place[ ] such person in reasonable fear of physical injury" (Penal Law § 240.25). Harassment in the second degree requires that, "with intent to harass, annoy or alarm another person . . . [an individual] strikes, shoves, kicks or otherwise subjects [an]other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]).

At the hearing, the parties offered competing accounts as to what occurred at the funeral home in October 2013. Petitioner testified that, shortly after he arrived at the funeral home, respondent and another one of his sons repeatedly struck him in the face, kicked him in the stomach and dragged him down a ramp, causing two of his teeth to crack and him to experience several days of rectal bleeding, for which he sought dental and medical treatment. Petitioner stated that, since the alleged incident, he had not had any contact with respondent. Petitioner's physician, a specialist in internal medicine, testified that petitioner reported to him, six days after the alleged incident, during a follow-up appointment to address petitioner's diverticulitis, that he had been punched in the stomach by one of his sons. The physician stated that his examination of petitioner's abdomen was "unremarkable," but that he did

observe "tenderness" to the lower left quadrant of petitioner's abdomen.

In contrast, respondent testified that he had no physical contact with petitioner at the funeral home and that he had not seen petitioner since that day. Respondent stated that he and his brother informed petitioner that he was unwelcome at the funeral home and that his brother thereafter took petitioner by the arm and attempted to escort him out of the building. Respondent asserted that, as his brother was escorting petitioner out of the funeral home, petitioner latched onto a handrail, at which point his brother immediately let go of petitioner. Respondent testified that he then called the police and that, shortly thereafter, upon the request of separate police officers who had arrived at the funeral home to pay their respects, petitioner left voluntarily. Respondent's brother largely confirmed respondent's account of events, stating that he had only attempted to escort petitioner out of the funeral home and that no one had struck, punched, kicked or knocked petitioner to the ground.

Insofar as the parties each testified that they had no further contact after the alleged incident in October 2013, and petitioner alleges no additional acts that could form the basis for a finding that respondent committed the family offense of harassment in the first degree, the record cannot support a finding that respondent repeatedly harassed petitioner by engaging in a course of conduct or repeatedly committed acts which placed petitioner in reasonable fear of physical injury (see Penal Law § 240.25). As for petitioner's allegation that respondent committed the family offense of harassment in the second degree, Family Court expressly found the testimony of respondent and his brother to be more credible than the testimony offered by petitioner. According due deference to Family Court's express credibility assessments, we find ample support in the record for Family Court's determination that petitioner failed to prove, by a preponderance of the evidence, that respondent committed the family offense of harassment in the second degree (see Matter of Wendy Q. v Jason Q., 94 AD3d 1371, 1373 [2012]; Matter of Eck v Eck, 44 AD3d 1168, 1169 [2007], lv denied 9 NY3d 818 [2008]). As such, we affirm Family Court's order dismissing the family offense petition with prejudice.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur. Ordered that the order is affirmed, without costs.