■ In the Matter of ANGELIQUE QQ., Respondent, v THOMAS RR., Appellant. [57 NYS3d 231]—

Clark, J. Appeal from an order of the Family Court of Warren County (Kershko, J.), entered March 29, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three daughters (born in 2006, 2009 and 2011). In March 2016, the mother filed a family offense petition against the father, alleging that the father had committed the family offenses of harassment in the first or second degree and stalking. Following a hearing, Family Court, among other things, found that the mother established, by a preponderance of the evidence, that the father had committed the family offense of harassment in the second degree, and issued a two-year order of protection requiring that the father refrain from committing any family offenses against the mother. The father now appeals.

We affirm. In a family offense proceeding, the petitioner bears the burden of proving, by a preponderance of the evidence, that the respondent committed a family offense (see Family Ct Act §§ 821 [1] [a]; 832; Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226 [2016], lv denied 28 NY3d 903 [2016]; Matter of Sharyn PP. v Richard QQ., 83 AD3d 1140, 1142 [2011]). As relevant here, harassment in the second degree requires proof that an individual, "with intent to harass, annoy or alarm another person[,] . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]). "[W]hether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight" (Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015] [internal quotations marks and citation omitted]; see Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1129 [2015]).

The mother testified that she and the father were involved in a romantic relationship for roughly 10 years and that she was fearful of the father because he had been physically abusive. She stated that, on February 16, 2016, she moved into a domestic violence shelter and that, after she told the father that she was no longer residing with the children's maternal grandmother, the father repeatedly contacted her, as well as her friends, asking for her address. The mother stated that the father's incessant phone calls and text messages continued for "a little over a week" and that she received 18 text messages on one day requesting her address. According to the mother, she repeatedly told the father that she would not disclose her location and asked him to stop contacting her for this purpose. The mother further testified that, although not overtly threatening, the numerous text messages and phone calls were

unsettling, given the father's history of domestic violence, as well as recent, unexplained damage to her vehicle. While the father acknowledged that he asked the mother for her address each day that week and also contacted one of the mother's friends, he testified that each call and text message pertained to the children. Deferring to Family Court's credibility determinations in favor of the mother (*see Matter of Joan FF. v Ivon GG.*, 85 AD3d 1219, 1219 [2011]), and mindful that the requisite intent to harass, annoy or alarm may be inferred from the surrounding circumstances (*see Matter of Vanita UU. v Mahender VV.*, 130 AD3d 1161, 1166 [2015], *lv dismissed and denied* 26 NY3d 998 [2015]; *Jennifer JJ. v Scott KK.*, 117 AD3d 1158, 1160 [2014]), we agree with Family Court that the mother established, by a preponderance of the evidence, that the father committed the family offense of harassment in the second degree (*see Matter of James XX. v Tracey YY.*, 146 AD3d 1036, 1039 [2017]; *Matter of Lynn TT. v Joseph O.*, 129 AD3d at 1130-1131; *Matter of Robert AA. v Colleen BB.*, 101 AD3d 1396, 1399 [2012], *lv denied* 20 NY3d 860 [2013]).

Peters, P.J., Garry, Lynch and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.