Matter of Susan WW. v Alan WW. (2018 NY Slip Op 03190)





Matter of Susan WW. v Alan WW.


2018 NY Slip Op 03190


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

524676

[*1]In the Matter of SUSAN WW., on Behalf of KARRI-ANN WW., an Infant, Respondent,
v
ALAN WW., Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Robert W. Linville, Public Defender, Hudson (Jessica D. Howser of counsel), for appellant.
Maria Lally Clark, Valatie, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered March 2, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed two family offenses, and issued an order of protection.
Petitioner is the aunt and legal guardian of a child (born in 1999). In September 2016, petitioner commenced this proceeding on behalf of the child alleging that respondent — petitioner's nephew and the child's adult brother — committed the family offenses of disorderly conduct and harassment in the
second degree against the child. Following a fact-finding hearing, Family Court granted the petition and issued a two-year no-contact order of protection in favor of petitioner and the child. Respondent now appeals.
As the party seeking an order of protection, petitioner "bore the burden of establishing by a preponderance of the evidence that [respondent] committed the alleged family offense" (Matter of Kevin F. v Betty E., 154 AD3d 1118, 1122 [2017]; see Family Ct Act §§ 821, 832; Matter of Evelyn EE. v Lorraine B., 152 AD3d 915, 916 [2017], lv denied 30 NY3d 903 [2017]). "[W]hether a family offense has been committed is a factual issue to be resolved by Family [*2]Court, and its determinations regarding the credibility of the witnesses are entitled to great weight" (Matter of David ZZ. v Michael ZZ., 151 AD3d 1339, 1340 [2017] [internal quotation marks and citation omitted]; see Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226 [2016], lv denied 28 NY3d 903 [2016]).
At the fact-finding hearing, the child testified that in August 2014, respondent contacted her to tell her that he planned to hide a letter from an older, incarcerated sibling in an empty bottle in petitioner's backyard for the child to retrieve and read, ostensibly because he believed that petitioner was intercepting the child's mail. The child told respondent that she neither wanted the letter nor did she want to speak with respondent. Respondent told the child that he would instead go to petitioner's home to wait for the child, causing petitioner and the child to arrange for a police officer to escort them home. The child testified that, in September 2015, she was with petitioner at a local governmental building and respondent approached her, and she told him not to talk to her. Petitioner recalled that, after she and the child left the building, respondent was standing next to petitioner's car screaming at petitioner's dog to "shut up." Next, the child recalled that, in April 2016, while grocery shopping, she saw respondent and their mother in the store, and respondent approached her and asked, "what, you can't say hi anymore?" Then, as the child was waiting to pay for her groceries, respondent called their mother over to get in the line behind the child, and the two began "gawking and staring and laughing and snickering" at the child.
The event immediately precipitating the family offense petition occurred in September 2016. The child testified that she was a passenger in a car driven by petitioner. When stopped at a red light at an intersection, the child observed respondent and his wife in a nearby car driven by respondent's and the child's mother. While both cars were waiting for the traffic light to change, the child observed respondent's wife trying to hold him back before he jumped out of the car, walked across the road and approached the passenger side of petitioner's car. The child locked the door and turned from the window as respondent stood in the road, close to the passenger side of petitioner's car. Petitioner drove away from respondent as soon as the traffic light changed. The child recalled that she felt alarmed and unsafe after this incident. For his part, respondent confirmed the child's recollection of their past contacts, but denied her characterizations of his behavior. As for the most recent event at the intersection, respondent explained that he got out of their mother's car to approach the child as she was sitting in petitioner's car — in traffic — simply to say hello to the child.
We find that Family Court's determination that respondent committed a family offense by engaging in an act constituting disorderly conduct is supported by the record. Insofar as it is relevant here, "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . . [h]e [or she] obstructs vehicular or pedestrian traffic; or . . . creates a hazardous or physically offensive condition by any act which serves no legitimate purpose" (Penal Law § 240.20 [5], [7]). Even if, as respondent claims, his conduct did not result in a "public inconvenience, annoyance or alarm" (Penal Law § 240.20), it is enough "if the conduct recklessly creates a risk of such public disruption" (People v Weaver, 16 NY3d 123, 128 [2011]). When we consider respondent's history of publicly approaching the child against her wishes and defer to Family Court's credibility determinations, we agree that respondent's conduct at the very least created such a risk and that the conduct served no legitimate purpose (see Matter of Jodi S. v Jason T., 85 AD3d 1239, 1241 [2011]). Accordingly, we do not need to determine whether respondent's conduct constituted harassment in the second degree (see Matter of Dawn DD. v James EE., 140 AD3d at 1227 n 2).
Egan Jr., J.P., Devine, Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.