Matter of Michele OO. v Kevin PP. (2018 NY Slip Op 03189)





Matter of Michele OO. v Kevin PP.


2018 NY Slip Op 03189


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

524602

[*1]In the Matter of MICHELE OO., Respondent,
v
KEVIN PP., Appellant.

Calendar Date: March 26, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Ivy M. Schildkraut, Monticello, for appellant.
Daniel D. Reynolds, Binghamton, for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeals from two orders of the Family Court of Broome County (Connerton, J.), entered February 23, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
Petitioner commenced this proceeding alleging that respondent committed numerous family offenses. Following a hearing, Family Court found, among other things, that respondent committed aggravated harassment against petitioner by calling her repeatedly. The court granted the petition and issued a two-year no-contact order of protection in favor of petitioner and her son. Respondent appeals.
We affirm. "[T]he petitioner bears the burden of proving, by a preponderance of the evidence, that the respondent committed
a family offense" (Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1323 [2017]; see Family Ct Act §§ 821 [1] [a]; 832; Matter of Romena Q. v Edwin Q., 140 AD3d 1232, 1232 [2016]; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]). Family Court is empowered to resolve factual issues pertaining to whether a family offense has been committed, and this Court accords great weight to Family Court's assessment of witness credibility (see Matter of Angelique QQ. v Thomas RR., 151 AD3d at 1323; Matter of Elizabeth X. v Irving Y., 132 AD3d at 1101; Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1129 [2015]). Whether a person possesses the requisite intent to commit a family offense "may be inferred from the conduct itself or the surrounding circumstances" (Matter of Lynn TT. v Joseph O., 129 AD3d at 1130).
Petitioner testified that while she was away from respondent for a weekend, after she had told him that she intended to end their relationship and asked him not to call her, he called her repeatedly. Although respondent testified to a slightly different version of events and asserted an innocent intent associated with his conduct, Family Court was entitled to credit petitioner's testimony, and we defer to those credibility determinations (see Matter of Angelique QQ. v Thomas RR., 151 AD3d at 1323; Matter of Elizabeth X. v Irving Y., 132 AD3d at 1101). Because the testimony established by a preponderance of the evidence that respondent committed a family offense, Family Court properly granted the petition and issued an order of protection.
Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.