Matter of Joan WW. v Peter WW. (2019 NY Slip Op 04792)





Matter of Joan WW. v Peter WW.


2019 NY Slip Op 04792


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

525902

[*1]In the Matter of JOAN WW., Respondent,
v
PETER WW., Appellant. (And Another Related Proceeding.)

Calendar Date: April 23, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Paul Madison, Stamford, for respondent.
Jehed F. Diamond, Delhi, attorney for the children.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals from two orders of the Family Court of Delaware County (Northrup Jr., J.), entered June 26, 2017 and July 14, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed family offenses, and issued an order of protection.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the married parents of two children (born in 1999 and 2008). In October 2016, the mother filed a family offense petition against the father, alleging that he committed the family offenses of, among other things, harassment in the first or second degree and criminal mischief, based upon an altercation in which the father physically injured the older child and destroyed her property. In a June 2017 order, after a fact-finding hearing, Family Court determined, among other things, that the father committed the family offenses of harassment in the second degree and criminal mischief in the fourth degree. In July 2017, following a dispositional hearing, the court issued an order of protection in favor of the mother and the children. The father appeals.
The father's sole contention on appeal is that he did not possess the requisite intent to commit harassment in the second degree or criminal mischief in the fourth degree. "In a family offense proceeding, the petitioner bears the burden of proving, by a preponderance of the evidence, that the respondent committed a family offense" (Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1323 [2017] [citations omitted]; see Matter of Wilson v Wilson, 169 AD3d 1279, 1279 [2019]). As relevant here, harassment in the second degree requires proof that an individual "with intent to harass, annoy or alarm another person . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). Criminal mischief in the fourth degree requires proof that an individual, "having no right to do so nor any reasonable ground to believe that he or she has such [*2]right, . . . [i]ntentionally damages property of another person" (Penal Law § 145.00 [1]). Whether a person possesses the requisite intent to commit these offenses "may be inferred from the conduct itself or the surrounding circumstances" (Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 [2015]; see Matter of Romena Q. v Edwin Q., 140 AD3d 1232, 1233 [2016]). Moreover, Family Court is empowered to resolve factual issues pertaining to whether a family offense has been committed, and this Court accords great weight to Family Court's assessment of witness credibility (see Matter of Angelique QQ. v Thomas RR., 151 AD3d at 1323; Matter of Elizabeth X. v. Irving Y., 132 AD3d 1100, 1101 [2015]).
The mother's nephew testified that, on the day in question, the
mother picked him up from the hospital and brought him to her house after he had surgery. Upon their arrival at the mother's house, the father was waiting with a stick in his hand, and he told the nephew not to come into the house. The nephew testified that the older child started to video record the altercation with her cell phone. The father got upset when he saw that she was recording and punched her in her jaw, grabbed her by the throat and threw her on garbage bags located on the basement floor. While she was on the ground, the father hit her leg with his stick. The nephew also testified that the father grabbed the older child's cell phone and threw it to the ground, breaking it. According to the nephew, the older child sustained injuries to her leg, neck and face as a result of the physical altercation. The nephew also explained that, on the date of the incident, the father did not use the stick to walk; instead, he brandished it as a weapon. The nephew testified that, during the incident, the older child was crying and the younger child was screaming "leave her alone." Additional testimony corroborated these events and added that the stick had a two-inch screw affixed to the end and that the father told the nephew that "he was [going to] bash his head in [and] he was [going to] knock his brains in with the stick."
The father testified and largely corroborated the events that occurred. However, he denied touching the older child with the stick or his fist, but instead testified that he made physical contact with her because he was trying to prevent the light from her cell phone from being in his eyes, at which time he lost his balance and fell with her. The father also testified that, after a visiting nurse informed him that the nephew was on his way to the father's home, the father told the nurse to wait outside because it "[was] not [going to] be pleasant." According to the father, when he called the police prior to the nephew arriving at his house, he told them that there was going to be trouble because the nephew was coming to his home. The father also stated that he deliberately retrieved his walking stick when the mother arrived home with the nephew and the older child and that he followed them into the basement yelling. Significantly, the father indicated that he held the walking stick in a way to initiate confrontation. Notably, the father testified that the nephew did not do anything to engage in a physical altercation with the father, rather he "[stood] there like [a] weak fellow." Deferring to Family Court's credibility determinations in favor of the mother and the nephew, and mindful that the requisite intent may be inferred from the father's conduct itself, as well as the surrounding circumstances, we agree with Family Court that the mother established, by a preponderance of the evidence, that the father committed the family offenses of harassment in the second degree and criminal mischief in the fourth degree (see Matter of Romena Q. v Edwin Q., 140 AD3d at 1233; Matter of Lynn TT. v Joseph O., 129 AD3d at 1130).

Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.



 ORDERED that the orders are affirmed, without costs.