Matter of Bedford v Seeley (2019 NY Slip Op 07456)





Matter of Bedford v Seeley


2019 NY Slip Op 07456


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

526822

[*1]In the Matter of Teresa A. Bedford, Petitioner,
v
Mark L. Seeley, Appellant.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.



Aarons, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered May 9, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed two family offenses, and issued an order of protection.
Petitioner and respondent were involved in a long-term relationship and lived together in a house owned by petitioner in Chenango County. The parties also co-owned a building in Otsego County that had an apartment on the first floor, a business operated by petitioner on the second floor and a basement where respondent stored his tools. After the parties' relationship deteriorated, respondent moved his belongings from petitioner's house to the apartment in Otsego County. Based upon several incidents that occurred during the moving process, petitioner commenced this family offense proceeding. Following a hearing, at which petitioner and respondent were the only witnesses to testify, Family Court credited the testimony of petitioner and found that respondent committed the family offenses of disorderly conduct and criminal mischief.[FN1] The court also issued a two-year order of protection in favor of petitioner. Respondent appeals. We affirm.
Petitioner, as the party seeking an order of protection, bears the burden of proving by a fair preponderance of the evidence that respondent committed a family offense (see Matter of Wilson v Wilson, 169 AD3d 1279, 1279 [2019]; Matter of Romena Q. v Edwin Q., 140 AD3d 1232, 1232 [2016]; Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014]). As relevant here, a person is guilty of disorderly conduct when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," he or she "engages in fighting or in violent, tumultuous or threatening behavior" (Penal Law § 240.20 [1]) or "creates a hazardous or physically offensive condition by any act which serves no legitimate purpose" (Penal Law § 240.20 [7]). At the hearing, petitioner testified that she went with her friends to retrieve a refrigerator from the apartment. According to petitioner, respondent "tried to stop" them and then "flew into a rage, screamed and carried on in front of everybody" and rocked the refrigerator until all of the food fell out onto the ground. Petitioner also testified that respondent returned to the house later with some helpers and that he was being "abusive" to her, "ranting" and "making accusations." As a consequence, petitioner did not feel safe.
In our view, petitioner demonstrated by a preponderance of the evidence that respondent's actions were "violent, tumultuous or threatening" (Penal Law § 240.20 [1]) and that he created a hazardous condition by acting in a manner that served no legitimate purpose (see Penal Law § 240.20 [7]). Furthermore, contrary to respondent's assertion, the evidence from the hearing establishes that respondent acted with the requisite mens rea (compare Matter of Sharon D. v Dara K., 130 AD3d 1179, 1181 [2015]). To the extent that respondent disputed the account given by petitioner, Family Court's credibility determinations are entitled to great deference (see Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226 [2016], lv denied 28 NY3d 903 [2016]; Matter of John O. v Michele O., 103 AD3d 939, 940 [2013]). As such, we conclude that the court did not err in finding that respondent committed the family offense of disorderly conduct (see Matter of Zhuo Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167 [2016]; Matter of Tucker v Miller, 138 AD3d 1383, 1384 [2016], lv denied 28 NY3d 904 [2016]).
Regarding criminal mischief, as noted, Family Court did not articulate the specific subdivision or degree when it concluded that respondent committed criminal mischief. Notwithstanding this failure, we are empowered to conduct an independent review of the record to determine whether a fair preponderance of the evidence supports a finding that respondent committed one of the qualifying family offenses (see Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1276 [2018]; Matter of Debra SS. v Brian TT., 163 AD3d 1199, 1203-1204 [2018]). That said, criminal mischief in the fourth degree occurs when one "intentionally damages property of another person," with "no right to do so nor any reasonable ground to believe that he or she has such right" (Penal Law § 145.00 [1]).
Petitioner testified that she told respondent that she intended to leave his remaining belongings that were at her house outside the door and that the door would be locked. Petitioner further testified that respondent replied with an angry text message and, when he came to the house, he kicked the door and broke the glass in the upper part of the door. In view of this testimony, we are satisfied that petitioner proved that respondent committed criminal mischief in the fourth degree (see Matter of Romena Q. v Edwin Q., 140 AD3d at 1233).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Family Court did not specify the degree or subdivision of criminal mischief.