Matter of Heather E. v Christopher F. (2020 NY Slip Op 07965)





Matter of Heather E. v Christopher F.


2020 NY Slip Op 07965


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

530534

[*1]In the Matter of Heather E., Petitioner,
v
Christopher F., Appellant.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Christopher Hammond, Cooperstown, for appellant.
Lisa K. Miller, McGraw, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 16, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner and respondent are the parents of a daughter and a son (born in 2018 and 2019, respectively). In April 2019, several months before giving birth to the son, petitioner filed a Family Ct Act article 8 petition alleging that respondent had committed the family offenses of disorderly conduct, aggravated harassment in the second degree, assault in the second or third degree, reckless endangerment and/or attempted assault. In October 2019, Family Court conducted a fact-finding hearing, at the conclusion of which the court issued a bench decision, crediting petitioner's version of events over that of respondent and finding that respondent had committed an unspecified family offense against petitioner. As a result, Family Court issued a one-year order of protection in favor of petitioner, which directed respondent to, among other things, stay away from petitioner and refrain from any contact with her, except "for purposes of exercising visitation." Respondent appeals from the order of protection, primarily challenging Family Court's finding that he committed a family offense against petitioner.[FN1]
In a family offense proceeding pursuant to Family Ct Act article 8, the petitioner bears the burden of proving, by a fair preponderance of the evidence (see Family Ct Act § 832), that the respondent committed one of the family offenses enumerated in Family Ct Act § 821 (1) (a) (see Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1276 [2018]; Matter of Michele OO. v Kevin PP., 161 AD3d 1248, 1249 [2018]). The determination of whether the respondent has committed one or more of the specifically enumerated family offenses presents a factual question for Family Court, and we defer to the court's credibility assessments in resolving that question (see Matter of Citizens Concerned for Children, Inc. v Rahsaan CC., 167 AD3d 1278, 1279-1280 [2018]; Matter of Susan WW. v Alan WW., 161 AD3d 1249, 1250 [2018]). Where, as here, the court does not identify the family offense(s) proven by the petitioner, this Court may independently review the record and determine whether the evidence supports Family Court's finding that the respondent committed one or more family offense (see Matter of Robert Q. v Miranda Q., 138 AD3d 1174, 1175 [2016]; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]).
Upon our review of the record, we find that a fair preponderance of the evidence supports the conclusion that respondent committed the family offenses of aggravated harassment in the second degree and assault in the third degree. "A person is guilty of aggravated harassment in the second degree when[,] . . . [w]ith the intent to harass, annoy, threaten or alarm another person, he or she strikes, shoves, kicks or otherwise subjects another person [*2]to physical contact thereby causing physical injury to such person" (Penal Law § 240.30 [4]). Additionally, "[a] person is guilty of assault in the third degree when[,] . . . [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person" (Penal Law § 120.00 [1]).
Petitioner and respondent testified to engaging in a verbal and physical altercation on an evening in March 2019, largely agreeing as to petitioner's role in the altercation but offering differing accounts as to respondent's actions during the altercation. Petitioner testified that, while respondent was holding the daughter, he smashed her cell phone, pushed and shoved her, kneed her in the face, thereby causing a black eye, and twice bit her in the back. Petitioner's mother testified that she saw petitioner in the aftermath of the physical altercation and observed bite marks on petitioner's back and an injury forming on petitioner's face/eye. Although respondent denied having any physical contact with petitioner and claimed that petitioner had injured herself, Family Court rejected such testimony and expressly credited petitioner's version of events. Deferring to Family Court's credibility determinations, the evidence amply supports a finding that respondent committed the family offenses of aggravated harassment in the second degree and assault in the third degree (see Penal Law §§ 120.00 [1]; 240.30 [4]).
Respondent also takes issue with certain language in the order of protection, arguing that the no contact provision precluded him from discussing visitation with petitioner as contemplated by a temporary custody order in effect at the time. Given that the order of protection has expired, its terms are no longer operative; thus, respondent's argument does not present a live controversy (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). In any event, we find no merit to respondent's challenge, as the order of protection stated, "Contact shall be permitted for purposes of exercising visitation only." Accordingly, as we discern no basis upon which to disturb Family Court's determination, we affirm.
To the extent that any of respondent's remaining contentions are properly before us, such contentions have been reviewed and found to be unpersuasive.
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This appeal has not been rendered moot by the expiration of the order of protection (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).