Matter of McKenzie v Berkovitch (2021 NY Slip Op 01814)





Matter of McKenzie v Berkovitch


2021 NY Slip Op 01814


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

528981

[*1]In the Matter of Elizabeth J. McKenzie, Petitioner,
v
Alex Berkovitch, Appellant.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Kalter, Kaplan, Zeiger & Forman, Woodbourne (Terry S. Forman of counsel), for appellant.



Colangelo, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered March 29, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
In April 2014, petitioner and respondent purchased a farm in Sullivan County as tenants in common. Petitioner lived in the farmhouse and respondent lived on Long Island. Shortly after the property was purchased, an updated alarm system and security cameras were installed in the farmhouse and in the barn area. In July 2018, petitioner commenced this family offense proceeding against respondent alleging that respondent, who she had previously been in an intimate relationship with and had lived with (see Family Ct Act § 812 [1] [e]), stalked her and committed harassment in the first or second degree. The allegations were predicated upon, among other things, petitioner's discovery of four cameras in, among other places, her bedroom and bathroom and her contention that she was being recorded without her knowledge. Family Court issued a temporary order of protection directing respondent to, among other things, stay away from petitioner and from the farmhouse. Following a fact-finding hearing, Family Court found that respondent committed the family offense of harassment in the second degree and scheduled a dispositional hearing. Respondent then moved to vacate the order and reopen the hearing for the purpose of introducing new evidence in the form of five affidavits from individuals who were not called as witnesses at the hearing, which he alleged would contradict petitioner's testimony. Family Court denied the motion and, after learning from the parties that no additional evidence would be presented at a dispositional hearing, dispensed with the dispositional hearing and issued a one-year order of protection in favor of petitioner containing certain limitations and conditions regarding respondent's access to the farmhouse. Respondent appeals.
Initially, although the order of protection has expired, we address the merits of the appeal since enduring consequences might flow from the adjudication that respondent has committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-672 [2015]; Matter of Jasna Mina W. v Waheed S., 170 AD3d 572, 572 [2019]; Matter of Marianna K. v David K., 145 AD3d 1361, 1362 [2016]).
Turning to Family Court's finding that respondent committed the family offense of harassment in the second degree, respondent argues that the evidence adduced at the hearing does not support such finding. We agree. "To prevail on her family offense petition, petitioner bore the burden of establishing, by a fair preponderance of the evidence, that respondent committed one of the enumerated family offenses set forth in Family Ct Act § 821 (1) (a)" (Matter of Allen v Emery, 187 AD3d 1339, 1340 [2020] [citation omitted[*2]]; see Family Ct Act § 832; Matter of Marianna K. v David K., 145 AD3d at 1362; Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [2015]). "The question of whether a family offense has been committed presents a factual issue to be resolved by Family Court, and Family Court's determinations regarding the credibility of witnesses are accorded great weight" (Matter of Allen v Emery, 187 AD3d at 1339 [citation omitted]; see Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1276 [2018]; Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014]).
As pertinent here, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]; see Family Ct Act § 812). The term "course of conduct" may reasonably be interpreted to mean "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose" (Matter of Wandersee v Pretto, 183 AD3d 1245, 1245-1246 [2020] [internal quotation marks and citation omitted]). The petition alleges that petitioner found four sensor recording devices that were unknown to her in the "master bedroom, master bathroom, living room [and] basement" and that she was being recorded within her home without her knowledge. Even according deference to Family Court's credibility determinations (see Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [2011]), we find that petitioner failed to establish that respondent recorded or surveilled petitioner, or had specific knowledge of the subject cameras. Therefore, a finding that respondent engaged in the requisite course of conduct to support a finding against him of harassment in the second degree cannot be sustained.
At the fact-finding hearing, a security expert hired by petitioner testified that, in October 2018 — a few days before the hearing — he went to the farmhouse at petitioner's request to conduct a sweep of the premises for surreptitious equipment. He found, among other things, four motion detector cameras on a table in petitioner's bedroom, which petitioner had removed from their motion detector housing cases. The four analog cameras were labeled as petitioner's bedroom, petitioner's bathroom and two living rooms. The expert reconnected the cameras and found that they were able to provide audio and video to a digital video recorder (hereinafter DVR) in the equipment room and to a mobile app that both parties had installed on their phones. However, the expert also testified that, at the time he arrived at the farmhouse, the DVR was observed to have been disconnected from the router and could no longer be accessed remotely, and that "there was no connection to the [I]nternet." Significantly, the expert found no recordings on the DVR at the time [*3]of his inspection. Because the cameras were neither connected to the DVRs or the Internet, it would be impossible for respondent to surveil or record images of petitioner, and there was no proof otherwise. Further, the mere installation of security cameras that are incapable of surveilling or recording cannot legally or logically constitute harassment in the second degree as there is no "course of conduct" that could reasonably "alarm or seriously annoy such other person" (Penal Law § 240.26).
The parties' testimony established that petitioner lived in the farmhouse and respondent visited on certain weekends and weekdays. Both parties testified that petitioner was concerned about how the horses and dogs who lived on the property were being treated by house staff when she was away and that petitioner expressed her concern to respondent. Based on petitioner's concern and a need to update the existing alarm system, respondent contacted a security company to update the alarm system and to have cameras installed in the farmhouse and on the property wherever petitioner wanted cameras to be installed. Respondent's testimony that he was not at the farmhouse when the cameras were installed was uncontroverted. The proof established that respondent contacted a security company only to upgrade the alarm system and to install cameras so that petitioner was able to watch the animals when she was away. Respondent was not present when the cameras were installed, no recordings were found on the DVR and both parties had mobile apps on their phones allowing them to access the security system and cameras. Accordingly, absent proof that respondent engaged in the alleged course of conduct, the evidence failed to establish that respondent committed the family offense of harassment in the second degree (see Family Ct Act §§ 812 [1]; 832; see Matter of Benson v Smith, 178 AD3d 1429, 1430 [2019]; Matter of Smith v Smith, 24 AD3d 822, 823 [2005]). In light of our decision, respondent's argument that Family Court abused its discretion in denying his motion to reopen the hearing is academic.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.