Matter of Jared D. (Ginger E.) (2021 NY Slip Op 03491)





Matter of Jared D. (Ginger E.)


2021 NY Slip Op 03491


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

528641
[*1]In the Matter of Jared D. and Another, Alleged to be Neglected Children. St. Lawrence County Department of Social Services, Respondent; Ginger E., Respondent. Richard D., Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
St. Lawrence County Department of Social Services, Canton (David A. Haggard of counsel), for St. Lawrence County Department of Social Services, respondent.
Noreen McCarthy, Keene Valley, for Ginger E., respondent.
Reginald H. Bedell, Willsboro, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of St. Lawrence County (Champagne, J.), entered January 7, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct. Act article 10, to temporarily place the subject children in the custody of petitioner.
Respondent and Richard D. (hereinafter the father) are the parents of two children (born in 2001 and 2002). In June 2018, petitioner commenced a neglect proceeding against respondent and the father alleging educational neglect. At the father's initial appearance on the petition, despite an issue regarding service of the petition, the father stated his intent to proceed, waived a formal reading of the petition and entered a general denial to the allegations contained therein. Petitioner requested, as relevant here, a temporary order of supervision. Following a recess wherein the father consulted with counsel, the father's counsel informed Family Court that the father was agreeable to the entry of the order; respondent consented as well.
Subsequently, on November 15, 2018, the parties appeared for trial and, ultimately, the father's counsel entered into an agreement wherein the neglect petition against him would be withdrawn, without prejudice, and the order of supervision would continue against the father as a nonrespondent parent.[FN1] The father's counsel indicated his agreement to the stipulation and raised no objections. The court dismissed the neglect petition against the father and entered orders against him as a nonrespondent parent. The order of supervision was set to expire on November 14, 2019.
Thereafter, on November 21, 2018, petitioner filed a violation petition, alleging that respondent had willfully violated Family Court's order of supervision. At an appearance on November 23, 2018, petitioner requested temporary removal of the children. The court granted petitioner's application, placing the children under petitioner's custody, pending further court order. The court, in an amended order, ordered, among other things, that respondent and the father remain under petitioner's supervision throughout the placement. The father appeals.
During the pendency of this appeal, the children reached the age of majority and have been released from petitioner's care and custody (see Social Services Law § 384-b). As the modified order of supervision at issue was set to endure as long as the children were in petitioner's custody, the father's appeal from this order has been rendered moot as the order is no longer in effect (see generally Matter of Heather E. v Christopher F., 189 AD3d 1937, 1939 [2020]).
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The father did not appear and his attorney informed Family Court that he had "authority to proceed."