Matter of Pauline DD. v Dawn DD. (2023 NY Slip Op 00353)

Matter of Pauline DD. v Dawn DD.

2023 NY Slip Op 00353

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

533399
[*1]In the Matter of Pauline DD., Respondent,
v
Dawn DD., Appellant.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Robert N. Gregor, Lake George, for respondent.
Vicki J. Prager, Northville, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Essex County (Richard B. Meyer, J.), entered May 5, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner and respondent are estranged sisters. In September 2020, respondent filed a family offense petition alleging, among other things, that petitioner called respondent's minor daughter (born in 2006) (hereinafter the younger daughter) a "r***rd." In December 2020, petitioner commenced the instant family offense proceeding alleging, among other things, that respondent had called petitioner's minor son (born in 2005) (hereinafter the son) the same derogative word and that, a few weeks later, respondent and her adult daughter (hereinafter the older daughter) had obstructed petitioner's vehicle. Petitioner sought an order requiring respondent, the older daughter and the younger daughter to stay away from petitioner and the son.
A joint fact-finding hearing was held on both petitions. At the conclusion of the hearing, Family Court issued a bench decision, through which it found that petitioner had committed the family offense of harassment in the second degree and issued a two-year order of protection directing petitioner to, among other things, stay away from the younger daughter and from respondent's home. The court also found that respondent had committed an unspecified family offense and issued a two-year order of protection directing respondent to, among other things, stay away from the son and from petitioner's home.[FN1] Respondent appeals.
Initially, respondent's challenges to Family Court's jurisdiction require little discussion. Family Court had subject matter jurisdiction to handle petitioner's allegations that the conduct exhibited by respondent, her biological sister, amounted to the family offenses of harassment in the first or second degree, aggravated harassment in the second degree and/or stalking (see Family Ct Act § 812 [1]). While the record reveals a lack of service upon respondent, respondent waived any arguments regarding service or lack of personal jurisdiction by failing to raise them upon her appearance on the petition (see Family Ct Act § 167; Matter of Richardson v Richardson, 80 AD3d 32, 35 [2d Dept 2010]; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [3d Dept 2004]).
Turning to the merits, "[w]here, as here, the court does not identify the family offense(s) proven by the petitioner, this Court may independently review the record and determine whether the evidence supports Family Court's finding that the respondent committed one or more family offense" (Matter of Heather E. v Christopher F., 189 AD3d 1937, 1938 [3d Dept 2020]; see Matter of Dawn DD. v James EE., 140 AD3d 1225, 1226 [3d Dept 2016], lv denied 28 NY3d 903 [2016]). "In a family offense proceeding pursuant to Family Ct Act article 8, the petitioner bears the burden of proving, by a fair preponderance of the evidence, that the [*2]respondent committed one of the family offenses enumerated in Family Ct Act § 821 (1) (a)" (Matter of Heather E. v Christopher F., 189 AD3d at 1937 [internal citations omitted]; see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1042 [3d Dept 2021]). "Ultimately, whether a family offense has been committed is a factual issue to be resolved by Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight" (Matter of Elizabeth X. v Irving Y., 132 AD3d 1100, 1101 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Erica II. v Jorge JJ., 165 AD3d 1390, 1390 [3d Dept 2018]).
While Family Court did not specify which family offense it found respondent to have committed, it did make factual findings and credibility determinations.[FN2] To that end, Family Court found that respondent called the son a "r***rd" at a lawn sale and it found that an incident where respondent and the older daughter obstructed petitioner's vehicle had occurred, as described by the son. Upon our review of the record, petitioner failed to establish, by a preponderance of the evidence, that respondent committed the family offenses of aggravated harassment in the second degree (see Penal Law § 240.30), harassment in the first degree (see Penal Law § 240.25) or stalking (see Penal Law §§ 120.45; 120.50; 120.55; 120.60). However, petitioner established, by a preponderance of the evidence, that respondent committed the family offense of harassment in the second degree against her and the son. "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [3]).
Petitioner and the son testified consistently regarding the two incidents at issue. Specifically, on September 13, 2020, petitioner and the son went to a lawn sale. While petitioner browsed the lawn sale, the son remained in petitioner's vehicle. When petitioner returned to her vehicle, the son, who has a learning disability, was very upset, and he began pointing out a white car where respondent and the younger daughter sat. Petitioner and respondent both observed the younger daughter holding up her middle fingers at them. The son also testified that he heard either respondent or the younger daughter call him a "r***rd," but he was unsure of who it was. Petitioner asserted that she heard respondent calling the son the same derogative word. Petitioner walked to respondent's vehicle to confront them. Respondent, for her part, admitted that she and the younger daughter were in her vehicle at that lawn sale, but, in her version of events, petitioner walked to respondent's vehicle and, unprovoked, began calling the younger daughter the same derogative word.
A few weeks later, petitioner was driving to a transfer station in the Town [*3]of Moriah, Essex County. As they approached the transfer station, the son, who was in the vehicle, pointed out respondent and the older daughter walking on the sidewalk ahead. The son begged petitioner to turn around, but petitioner refused, asserting that she had every right to use that road to get to the transfer station. As petitioner's vehicle neared, both petitioner and the son testified that respondent and the older daughter began crossing the road back and forth multiple times, forcing petitioner to come to a stop to avoid hitting them. At that time, respondent and the older daughter began to take pictures of petitioner and the son. The son was very panicked during this incident, afraid that respondent and the older daughter would somehow use the images to get him and petitioner in trouble.[FN3] Respondent did not testify as to this incident.
While respondent argues on appeal that Family Court did not find petitioner credible, the court's oral decision makes clear that it believed petitioner's assertion that respondent called the son a "r***rd" on September 13, 2020. The preponderance of the credible evidence also established that, a few weeks later, respondent crossed the road back and forth several times in order to cause petitioner to have to stop her vehicle, and that respondent then began taking pictures of petitioner and the son. Although the purpose of such actions is unclear from the record, we discern no legitimate purpose in these actions. Rather, the record reveals that petitioner and respondent feel such hatred toward each other that they have engaged in an antagonistic course of conduct. Even worse, they have passed their vitriol to the next generation, as their respective children have gotten caught in the crossfire. Respondent, in order to annoy and harass petitioner and the son, has engaged in a course of conduct to insult, demean and harass petitioner and the son, causing the son to become very panicked and petitioner to become concerned and alarmed for the son.[FN4] As a result, we find that a preponderance of the evidence established that respondent committed the family offense of harassment in the second degree against petitioner and the son (see Matter of Tiffany W. v James X., 196 AD3d 787, 793 [3d Dept 2021]; Matter of Marvin I. v Raymond I., 193 AD3d 1279, 1280-1281 [3d Dept 2021]; Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1323-1324 [3d Dept 2017]).
Next, we note that respondent's argument that Family Court was required to find an aggravated circumstance prior to issuing an order of protection for two years is contradicted by the plain language of Family Ct Act § 842. Similarly, we reject respondent's argument that Family Court's requirement that respondent stay 250 feet away from the son places an undue burden on respondent because the younger daughter and the son attend the same school. Family Court balanced such consideration with the effect that respondent's offensive and unjustified conduct has on the son [*4]and included an exception allowing respondent to attend school events so long as she continues to stay at least 10 feet away from the son. We find such "stay away" provision reasonable under the circumstances and necessary to protect the son from respondent's conduct (see Family Ct Act § 842 [a]; Matter of Heather E. v Christopher F., 189 AD3d at 1939; Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1278 [3d Dept 2018]). Respondent's remaining contentions have been reviewed and lack merit.
Egan Jr., J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although respondent's daughters were both named respondents in the petition, the order on appeal was only issued against respondent, and petitioner did not appeal said order.

Footnote 2: The attorney for the son argues in favor of keeping the order of protection in place.

Footnote 3: Petitioner asserted that respondent had previously called child protective services and made allegations against her, and that the son was aware of such fact.

Footnote 4: Although not the subject of this appeal, we note that petitioner has engaged in similar offensive conduct toward the younger daughter, having a similar emotional impact on that child.