Matter of Stefanow v Stefanow (2023 NY Slip Op 01553)

Matter of Stefanow v Stefanow

2023 NY Slip Op 01553

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

533406 
[*1]In the Matter of Rand Stefanow, Appellant,
v
Daniel R. Stefanow, Respondent. (Proceeding No. 1.)
In the Matter of Rebecca Soto-Stefanow, Appellant,
v
Daniel R. Stefanow, Respondent. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellants.

Lynch, J.
Appeal from an order of the Family Court of Otsego County (Michael F. Getman, J.), entered April 23, 2021, which, among other things, dismissed petitioners' applications, in two proceedings pursuant to Family Ct Act article 8, for an order of protection.
Petitioners Rand Stefanow and Rebecca Soto-Stefanow (hereinafter collectively referred to as petitioners) are a married couple who live in Otsego County. On July 10, 2020, petitioners separately filed family offense petitions against respondent — Stefanow's brother — alleging that he had committed various family offenses and seeking an order of protection against him. Two weeks later, respondent filed his own family offense petition against Stefanow, claiming, among other things, that Stefanow had threatened to break his back and had trespassed on his property several times with a lawn mower. Following a virtual fact-finding hearing, Family Court dismissed petitioners' petitions, finding that respondent's conduct, as relayed by them, did not amount to any of the family offenses enumerated therein. The court partially granted respondent's petition "insofar as it alleged a single incident of harassment by [Stefanow]," but declined to issue an order of protection in his favor due to the "isolated nature of the [f]amily [o]ffense."
Initially, petitioners' contention that Family Court should have sua sponte stricken the testimony of respondent's paramour on the ground that she was in the same room as, or within earshot of, respondent during his testimony is unpreserved for review (see Matter of Makayla I. [Sheena K.], 201 AD3d 1145, 1149-1150 [3d Dept 2022], lv denied 38 NY3d 903 [2022]). Petitioners' related contention that counsel rendered ineffective assistance in failing to move to strike such testimony is unavailing, as the record does not support their contention that the paramour was in fact in the same room as respondent during his testimony or was otherwise able to hear him. In fact, the record suggests otherwise.
As for whether Family Court erred in partially granting respondent's petition, respondent bore the "burden of establishing, by a fair preponderance of the evidence, that [Stefanow] committed one of the enumerated family offenses set forth in Family Ct Act § 821 (1) (a)" (Matter of McKenzie v Berkovitch, 192 AD3d 1413, 1414 [3d Dept 2021] [internal quotation marks and citation omitted]). "The question of whether a family offense has been committed presents a factual issue to be resolved by Family Court, and Family Court's determinations regarding the credibility of witnesses are accorded great weight" (id. at 1414-1415 [internal quotation marks and citations omitted]; see Matter of Putnam v Jenney, 168 AD3d 1155, 1156 [3d Dept 2019]). Pertinent here, a person commits harassment in the second degree — one of the family offenses enumerated in Family Ct Act § 821 (1) (a) — "when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she strikes, shoves, kicks or otherwise [*2]subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]).
During the fact-finding hearing, respondent revealed that he and Stefanow had a strained relationship dating back to their childhood. As for his claim that Stefanow had committed the family offense of harassment in the second degree, respondent testified about an incident that occurred in May 2020 in which Stefanow became angry after respondent refused to sign a piece of paper that would have permitted Stefanow to go onto respondent's property to cut bamboo shoots. According to respondent, after he declined Stefanow's request, Stefanow "went and got on a lawn tractor" and drove it toward respondent in an aggressive manner while threatening to break his back. Respondent's paramour corroborated respondent's testimony in this regard. Although Stefanow denied having engaged in any such threatening conduct, we are required to defer to Family Court's implied credibility determination in favor of respondent on this issue. "[M]indful that the requisite intent to harass, annoy or alarm may be inferred from the surrounding circumstances," there is no basis upon which to disturb Family Court's finding that respondent established, by a preponderance of the evidence, that Stefanow committed the family offense of harassment in the second degree under Penal Law § 240.26 (1) (Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1324 [3d Dept 2017]; see Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1131 [3d Dept 2015]).
We are unpersuaded by petitioners' contention that they did not have "notice that [respondent] would claim at trial that [Stefanow] tried to run [him] over with his riding lawnmower." Although respondent's petition did not allege this exact theory, it stated that Stefanow "ha[d] threatened [respondent] [by] stating he w[ould] break [respondent's] back" and had "trespassed on [his] property with his lawn mower." These allegations were sufficient to put petitioners on notice of respondent's claim so as to enable them to prepare a defense, which they successfully did through Stefanow's testimony denying having made such a threat (see CPLR 3013; Family Ct Act § 165; Matter Qin Fen Wang v Chee Kiang Foo, 171 AD3d 1187, 1188 [2d Dept 2019]). As such, petitioners' related contention that counsel rendered ineffective assistance in failing to object to respondent's testimony in this regard is without merit.
Moreover, when according deference to Family Court's credibility determinations, we cannot conclude that the court erred in finding that the evidence at the hearing failed to prove that respondent committed the family offense of harassment in the second degree (see Matter of Kevin F. v Betty E., 154 AD3d 1118, 1122-1123 [3d Dept 2017]; Matter of David ZZ. v Michael ZZ., 151 AD3d 1339, 1341 [3d Dept 2017]; Matter of Streat v Streat, 117 AD3d 837, 838 [2d Dept 2014]). To the extent we have not expressly addressed petitioners' additional [*3]contentions, we have considered them and find them to be unavailing.
Egan Jr., J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.