Matter of Awawdeh v Awawdeh (2023 NY Slip Op 03062)

Matter of Awawdeh v Awawdeh

2023 NY Slip Op 03062

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

535803
[*1]In the Matter of Jawahir Awawdeh, Respondent,
v
Nasser Awawdeh, Appellant.

Calendar Date:April 26, 2023

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Lisa A. Burgess, Indian Lake, for respondent.

Aarons, J.
Appeal from an order of the Family Court of Washington County (Adam D. Michelini, J.), entered June 17, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed family offenses, and issued an order of protection.
Petitioner and respondent were married in 2008. They do not share any children, but petitioner has four children from a prior relationship. The parties separated in 2019, at which time a divorce proceeding was commenced in Saratoga County. In 2021, petitioner commenced this proceeding in Washington County, where she had moved, and alleged that respondent committed various family offenses. Petitioner later amended her petition and alleged that respondent committed the family offense of harassment in the second degree. Respondent moved to dismiss the amended petition for failure to state a cause of action or, alternatively, on the basis that the filing of the amended petition in Washington County violated 22 NYCRR 205.3 (c) (6). Family Court denied the motion. A hearing ensued, after which the court found that respondent had committed the family offenses of aggravated harassment in the second degree and disorderly conduct. Respondent appeals.
Relying on what is known as the one family-one judge rule (see 22 NYCRR 205.3 [c] [6]), respondent contends that the amended petition should have been dismissed with leave to refile in Saratoga County. The one family-one judge rule provides that "[m]ultiple proceedings involving members of the same family shall be assigned to be heard by a single judge to the extent feasible and appropriate" (22 NYCRR 205.3 [c] [6]). This rule, however, speaks to the assignment of particular cases within a court, and not whether venue of a proceeding is proper, which is the essence of respondent's contention. Even if the one family-one judge rule governed the venue of proceedings, it also applies "to the extent feasible and appropriate" (22 NYCRR 205.3 [c] [6]). Notwithstanding the pending divorce proceeding in Saratoga County, petitioner resided in Washington County when she commenced this family offense proceeding. Furthermore, respondent does not dispute that Washington County could be considered an appropriate venue for the proceeding. Accordingly, under the circumstances of this case, respondent's reliance on the one family-one judge rule as a basis for dismissal of the amended petition is unavailing.
Respondent also contends that dismissal of the amended petition is warranted because the allegations therein refer to acts that were too remote in time. A family offense proceeding, however, is subjected neither to a statute of limitations nor a defense of laches (see Matter of Pamela N. v Neil N., 93 AD3d 1107, 1108 n [3d Dept 2012]). In addition, "a court shall not deny an order of protection, or dismiss a [family offense] petition, solely on the basis that the acts or events alleged are not relatively contemporaneous with the date [*2]of the petition" (Family Ct Act § 812 [1]). Respondent's argument is therefore without merit.
As to the merits, petitioner bore the burden of proving by a fair preponderance of the evidence that respondent committed one of the family offenses enumerated within Family Ct Act § 821 (1) (a) (see Matter of Pauline DD. v Dawn DD., 212 AD3d 1039, 1040 [3d Dept 2023]). As relevant here, petitioner alleged that respondent called her and stated that he would kill her and one of her children. At the hearing, she testified consistently with this allegation and also stated that she later called the police and ran upstairs to a bedroom to hide. Respondent, for his part, denied making any threats to petitioner. This contrary testimony presented a credibility matter for Family Court's resolution, and the court apparently credited petitioner's testimony in this regard.[FN1] Deferring to the court's credibility determination (see Matter of Heather E. v Christopher F., 189 AD3d 1937, 1937-1938 [3d Dept 2020]), the finding that respondent committed aggravated harassment in the second degree will not be disturbed (see Penal Law § 240.30 [1] [a]).
Respondent also takes issue with the fact that petitioner never explicitly alleged aggravated harassment in the second degree in the amended petition. Although this family offense was not specifically pled, the factual allegation forming the basis of Family Court's finding was sufficiently pled (see Matter of Stefanow v Stefanow, 214 AD3d 1215, 1217-1218 [3d Dept 2023]) and the hearing proof was sufficient to make out a prima facie case on this family offense (see Jennifer JJ. v Scott KK., 117 AD3d 1158, 1159 [3d Dept 2014]). In view of the foregoing, and noting that respondent was able to defend himself against this factual allegation, any failure to explicitly plead aggravated harassment in the second degree does not warrant reversal.
Finally, petitioner concedes, and we agree, that the evidence does not support Family Court's finding that respondent committed the family offense of disorderly conduct. Respondent's remaining assertions have been considered and are without merit.
Lynch, J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the amended petition by finding that respondent committed the family offense of disorderly conduct; amended petition dismissed to said extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Although Family Court did not find petitioner's testimony credible with respect to a different alleged incident, this did not render petitioner incredible as a matter of law. The court was free to credit certain portions of her testimony (see Matter of Hart v Hart, 31 AD3d 846, 847 [3d Dept 2006]).