Matter of Samah DD. v Mark VV. (2025 NY Slip Op 01018)

Matter of Samah DD. v Mark VV.

2025 NY Slip Op 01018

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-0401
[*1]In the Matter of Samah DD., Respondent,
v
Mark VV., Appellant.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Eric M. Galarneau, Albany, for appellant.
The Legal Project, Albany (Jennifer L. Storm of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the children.

McShan, J.
Appeal from an order of the Family Court of Albany County (Richard Rivera, J.), entered July 6, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, finding respondent to have committed a family offense and issued an order of protection.
From approximately September 2018 to February 2019, petitioner and respondent engaged in a long-distance relationship that largely entailed communication through social media as well as three in-person meetings. Immediately after petitioner ended the relationship, respondent engaged in a campaign of behavior that caused petitioner to suffer mental harm and threats of physical violence from third persons, including repeated phone calls from both his number and blocked numbers and the use of social media to publish harmful posts about petitioner. Further, petitioner learned that respondent had secretly recorded a sexual encounter with petitioner at a hotel without her knowledge or consent and that he had disseminated that recording via social media to petitioner's family and friends. As a result, petitioner commenced this family offense proceeding, alleging that respondent had committed the offenses of stalking, harassment and aggravated harassment. Petitioner also sought and obtained a temporary order of protection in March 2019, which was extended numerous times during the pendency of these proceedings. Following a fact-finding hearing, during which respondent did not testify, Family Court found that respondent committed the family offenses as alleged in the petition and had violated the temporary orders of protection on several occasions. Subsequently, a dispositional hearing was held, at which both petitioner and respondent testified. Ultimately, Family Court issued a five-year order of protection, finding that respondent's repeated violations of the temporary orders of protection posed an "immediate and ongoing danger" to petitioner and members of her family. Respondent appeals.[FN1]
In a family offense proceeding, the "petitioner b[ears] the burden of proving by a fair preponderance of the evidence that [the] respondent committed one of the family offenses enumerated within Family Ct Act § 821 (1) (a)" (Matter of Awawdeh v Awawdeh, 217 AD3d 1109, 1111 [3d Dept 2023]; see Matter of Stefanow v Stefanow, 214 AD3d 1215, 1216 [3d Dept 2023]).[FN2] In reviewing Family Court's determination, we pay deference to the court's factual findings and credibility determinations, and will not disturb those assessments if they are supported by a sound and substantial basis (see Matter of Pauline DD. v Dawn DD.,212 AD3d 1039, 1041 [3d Dept 2023], lv denied 39 NY3d 915 [2023]; Matter of Heather E. v Christopher F.,189 AD3d 1937, 1937-1938 [3d Dept 2020]).
At the outset, respondent suggests that his publication of a recording of a sexual encounter with petitioner cannot form the basis of the petition since such conduct was criminalized after his conduct took place (see L 2019, ch 109, § [*2]1; Penal Law § 245.15).[FN3] That argument misses the mark, as it is not respondent's dissemination of the recording that forms the sole basis for Family Court's findings; rather, such actions are part of a course of conduct, and may be assessed through that lens in determining whether respondent is guilty of the alleged family offenses in the petition (see generally Danielle Keats Citron & Mary Anne Franks, Criminalizing Revenge Porn, 49 Wake Forest L Rev 345, 366 [2014]).[FN4]
On that note, we turn to respondent's contentions directed at the finding that he is guilty of stalking in the fourth degree. Such offense is established when an individual "intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause reasonable fear of material harm to the physical health, safety or property of such person" (Penal Law § 120.45 [1]; see Matter of Jackyln PP. v Johnathan QQ.,221 AD3d 1293, 1295 [3d Dept 2023]). Additionally proscribed by that statute is the engagement in a course of conduct that "causes material harm to the mental or emotional health of [a specific] person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person's immediate family or a third party with whom such person is acquainted . . . and the actor was previously clearly informed to cease that conduct" (Penal Law § 120.45 [2]).
According to petitioner, she and respondent dated briefly, conversing mostly through social media, and met in person on only three occasions.[FN5] Petitioner testified that respondent represented that he worked for federal law enforcement, and she observed that he carried a firearm with him during their meetings. She further stated that respondent engaged in a campaign of conduct that caused her to fear for her physical safety and suffer mental anguish after she ended their relationship. Specifically, in the immediate aftermath of the breakup, respondent called her approximately 50 times over the next two days and threatened to raid her home, emphasizing his connection with law enforcement. Respondent then disseminated the above-referenced recording on social media, logged into her social media and posted photos without her consent, made comments on social media postings reflecting his desire for revenge on petitioner for ending their relationship and drove by her work on two occasions while recording himself making threats. Further, respondent made statements on social media that reflected his awareness of the cultural implications of his postings and how they could jeopardize petitioner's safety, and those fears were borne out as petitioner received various threats from third parties as a result of the postings. As to his violation of Penal Law § 120.45 (2), contrary to respondent's contention, it is clear that he persisted with his conduct even after he was advised by [*3]petitioner's family member to stop. Altogether, our review of the record satisfies us that there is ample evidence supporting Family Court's determination that respondent engaged in conduct in violation of Penal Law § 120.45 (1) and (2) (see Matter of C. H. v M. J. G., 233 AD3d 540, 541-542 [1st Dept 2024]; Matter of Dhir v Winslow, 224 AD3d 1259, 1263 [4th Dept 2024]; Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 769-770 [3d Dept 2021]).
We similarly find support for Family Court's determination that respondent committed the offenses of harassment and aggravated harassment in the second degree. Turning first to the offense of harassment in the second degree, under Penal Law § 240.26 (3), a person is guilty of such offense "when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (see Matter of Pauline DD. v Dawn DD.,212 AD3d at 1041). Further, direct contact with a victim is not necessary, as contact with third parties may constitute harassment when such actions are intended to seriously annoy or alarm (see Matter of Erica JJ. v Jorge JJ.,165 AD3d 1390, 1391 [3d Dept 2018]; People v Kochanowski,186 Misc 2d 441, 444 [App Term, 2d Dept 2000], lv denied 95 NY2d 965 [2000]). With those principles in mind, we find that respondent's repeated calls and activity on social media fall within the ambit of the statute and that respondent's intent, as well as the absence of a legitimate purpose for his actions, can be easily inferred from the conduct itself (see Matter of Lynn TT. v Joseph O.,129 AD3d 1129, 1130 [3d Dept 2015]; Matter of Patricia H. v Richard H.,78 AD3d 1435, 1436 [3d Dept 2010]). Further, as relevant to this proceeding, pursuant to Penal Law § 240.30 (2), a person commits aggravated harassment in the second degree when "[w]ith intent to harass or threaten another person, [the person] makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication."[FN6] Respondent's contention that his numerous phone calls, both from his own number and blocked numbers, were innocuous and otherwise typical of a relationship ending were clearly rejected by Family Court and, when considering such conduct in context with the aforementioned behavior, there is a reasonable basis to conclude that he was not seeking to engage in a legitimate communication (see Matter of Dhir v Winslow, 224 AD3d at 1261-1262; Matter of Lynn TT. v Joseph O., 129 AD3d at 1131; Matter of Kritzia B. v Onasis P., 113 AD3d 529, 529 [1st Dept 2014]).
Finally, we reject respondent's contention that Family Court's imposition of a five-year order of protection was an improper disposition. "Pursuant to Family Ct Act § 842, Family Court may extend an order of protection to a five-year period upon a finding, on the record, of aggravating circumstances defined by Family Ct Act § 827[*4](a) or upon a finding 'by the court on the record that the conduct alleged in the petition is in violation of a valid order of protection' " (Matter of Guernsey v Guernsey, 37 AD3d 989, 990 [3d Dept 2007], lv denied 8 NY3d 1002 [2007], quoting Family Ct Act § 842). Crediting the accounts of petitioner and her family member, the evidence adduced both at the fact-finding hearing and the subsequent dispositional hearing established that defendant had persistently violated the temporary orders of protection by continuing to post the recording of him and petitioner and continued disseminating messages that were intended to alienate petitioner from her community and also caused her to receive threats of violence from third persons. As respondent was seemingly undeterred by the temporary orders, his established conduct sufficiently constituted aggravating circumstances warranting the issuance of the maximum length allowable for an order of protection (see Family Ct Act § 827 [a] [vii]; Matter of Jaynie S. v Gaetano D., 134 AD3d 473, 474 [1st Dept 2015], lv denied 26 NY3d 917 [2016]; Matter of Liu v Yip, 127 AD3d 1196, 1197 [2d Dept 2015]; Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1082-1083 [3d Dept 2011]). We note, however, that the written order of protection does not include the finding of aggravating circumstances as required by Family Ct Act § 842; accordingly, we modify the order of protection to reflect the findings made herein (see Matter of Julie G. v Yu-Jen G., 81 AD3d at 1083). To the extent not explicitly addressed herein, respondent's remaining contentions have been examined and found unavailing.
Clark, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, with costs to petitioner, by amending the order of protection to reflect the aggravating circumstances as detailed in this Court's decision, and, as so modified, affirmed.

Footnotes

Footnote 1: Petitioner has three children from a previous relationship and none with respondent. The attorney for the children assigned before Family Court supported petitioner's request for relief and the attorney for the children on appeal maintains that position.

Footnote 2: As relevant here, "Family Court properly drew a negative inference against respondent from his failure to testify at the fact-finding hearing," and, with that consideration in mind, we review the record and the sum of evidence presented by petitioner in determining whether she met her burden (Matter of Charlene R. v Malachi R., 151 AD3d 482, 483 [1st Dept 2017]; see Matter of Nassau County Dept. of Social Services v Denise J., 87 NY2d 73, 79 [1995]).

Footnote 3: Notably, the record reflects that the recording was obtained without petitioner's consent or knowledge (see e.g. People v Piznarski, 113 AD3d 166, 173 [3d Dept 2013], lv denied 23 NY3d 1041 [2014]).

Footnote 4: Respondent's various constitutional arguments are raised for the first time on appeal and, therefore, unpreserved for our review (see Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130 n 2 [3d Dept 2015]).

Footnote 5: At the fact-finding hearing, petitioner testified that respondent operated a social media account under a different alias which he used to communicate with her and that he subsequently used to disseminate the images and recording of petitioner. Respondent disputed that he was responsible for that account to Family Court, which argument the court rejected. On appeal, respondent has seemingly abandoned any claim that the aforementioned social media profile did not belong to him and, in any event, we find ample evidence supporting Family Court's contrary determination.

Footnote 6: Although Family Court did not explicitly say so, it is clear from its decision that respondent was found to have violated Penal Law § 240.30 (2).